**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

JASON MICHAEL NEWSOM,   :
           :
 **Plaintiff,**    :
           :
 VS.       :
           :  **NO. 7:24-cv-70-WLS-TQL**
           :
IRWIN COUNTY DETENTION :
CENTER, and IRWIN COUNTY :
DETENTION CENTER   :
MEDICAL PROVIDERS,  :
           :  **PROCEEDINGS UNDER 42 U.S.C. § 1983**
           :  <u>**BEFORE THE U.S. MAGISTRATE JUDGE**</u>
           :
           :  **ORDER**
 **Defendants.**   :
_____:

   Plaintiff Jason Michael Newsom, a federal pretrial detainee in the Irwin County Detention Center in Ocilla, Georgia, filed a pro se civil rights complaint using the Court's standard 42 U.S.C. § 1983 form. ECF No. 1. As a federal detainee, he brings the action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not 42 U.S.C. § 1983. Plaintiff also moves to proceed without prepayment of the filing fee (ECF No. 2) and for appointment of counsel (ECF Nos. 3, 5). Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. He must, however, pay an initial partial filing fee as discussed below. Plaintiff's motions for appointment of counsel (ECF Nos. 3, 5) are **DENIED**. Finally, Plaintiff is **ORDERED** to file a recast complaint using the Court's standard *Bivens* form and following the instructions provided below.

1

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.[1]   ECF No. 2.   However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account.   When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.   28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows that he has an average monthly balance for the last six months of $339.17 in his account.   ECF No. 2-1.   Twenty percent of $339.17 is **$67.83**.   Accordingly, if Plaintiff wishes to proceed with this action, he must pay an initial partial filing fee of **$67.83**.   Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.   While money will automatically be deducted from Plaintiff's account following payment of the initial partial filing fee, Plaintiff is responsible for submitting the $**67.83** to the Court.

It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that automatic withdrawals from his account may commence as payment towards the filing fee.   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint (or any part thereof) is dismissed prior to service.

---

[1] A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff appears to have accrued no strikes for the purposes of 28 U.S.C. § 1915(g).

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA.  Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed two motions requesting that the Court appoint counsel to represent him in his civil lawsuit.  ECF Nos. 3, 5.  "Appointment of counsel in a civil case is not a constitutional right."  *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Id*.  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of

Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, Plaintiff's motions for appointment of counsel are **DENIED**. ECF Nos. 3, 5. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

### RECAST COMPLAINT

The Court notes that Plaintiff complains he is not receiving dental treatment and his infected/broken tooth is causing him a great deal of pain. ECF No. 1 at 5-8. Plaintiff names as Defendants the Irwin County Detention Center and the Irwin County Detention Center Medical Providers. Neither of these are legal entities that are subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations omitted). If Plaintiff wishes to proceed with this action, he will need to name the individual or individuals who allegedly denied his requests for dental treatment. Plaintiff must list each Defendant in the heading of his complaint and in the body of the complaint list each Defendant again and tell the Court when and how each violated Plaintiff's constitutional rights.

In conclusion, it is **ORDERED** that Plaintiff's application to proceed *in forma pauperis*

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

(ECF No. 2) is **GRANTED** and Plaintiff must pay an initial partial filing fee of **$67.83** within **FOURTEEN (14) DAYS** from the date of this Order.   It is **ORDERED** that Plaintiff's motions for appointment of counsel (ECF Nos. 3, 5) are **DENIED**.   It is **ORDERED** that within **FOURTEEN (14) DAYS** from the date of his Order, Plaintiff must file a recast complaint on the Court's standard *Bivens* form.   The Clerk of Court is **DIRECTED** to forward the standard *Bivens* complaint form to Plaintiff.

So **ORDERED and DIRECTED**, this 5th day of August, 2024.

s/***Thomas Q. Langstaff***
United States Magistrate Judge