**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| JASON MICHAEL NEWSOM, | : | |
| | : | |
| v. | : | CASE NO.:  7:24-CV-00070 (WLS-ALS) |
| | : | |
| WARDEN THOMAS, | : | |
| ASSISTANT WARDEN ENNON, | : | |
| CASTILLO, *owner of LaSalle Corrections*, | : | |
| and NURSE JESSICA LYONS, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| _____ | : | |

## ORDER

Before the Court is an Order and Recommendation (Doc. 8) ("the Recommendation") from now-retired United States Magistrate Judge Thomas Q. Langstaff entered on November 21, 2024. Therein, Judge Langstaff recommends that the above-captioned action be dismissed with prejudice. For the reasons discussed herein, the Recommendation is **ACCEPTED, ADOPTED**, and made the Order of this Court.

## I.    RELEVANT BACKGROUND

Plaintiff filed the above-captioned action on July 19, 2024. On August 5, 2024, Judge Langstaff entered an Order (Doc. 6) granting Plaintiff's Motion to Proceed *in forma pauperis*, denying Plaintiff's motion to appoint counsel, without prejudice, and ordering Plaintiff to recast his complaint using the standard *Bivens* form. Plaintiff filed a Recast Complaint ("the Complaint") on August 22, 2024.

On November 21, 2024, Judge Langstaff entered the Recommendation (Doc. 8) at bar. The Recommendation and 28 U.S.C. § 636(b)(1) provided Plaintiff with fourteen days to file an objection. (Doc. 8 at 8–9). The fourteen days elapsed with no objection filed.

On January 8, 2025, Plaintiff sent a letter to the Court. Although the letter was filed well after the deadline to object to the Recommendation, in the interest of fairness, the Court will consider the letter in addressing the Recommendation.

1

## II.   STANDARD OF REVIEW

With respect to dispositive motions, "a [district] judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court[.]" 28 U.S.C. § 636(b)(1)(B). A judge of the district court shall make a *de novo* determination of those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If no timely objection is filed, the court considers the recommendation for clear error. "Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (alteration adopted and internal quotation marks omitted).

To properly object to the Recommendation, Plaintiff is required to provide "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort*, 208 F. App'x at 783 (internal quotation marks omitted). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Okeechobee CI Warden*, 815 F. App'x 457, 458 (11th Cir. 2020) (internal quotations marks omitted).

## III.   LAW & ANALYSIS

### A.   Plaintiff's Letter

As noted, Plaintiff filed a letter (Doc. 9) in response to the Recommendation. In the letter, Plaintiff includes additional allegations against Defendants, asks the Court to appoint him counsel, and explains that he does not understand "what I'm suppose [sic] to do to state a claim[.]" (Doc. 9 at 2). The Court finds that, at most, the letter can be construed as a motion to amend the Complaint, a renewed motion to appoint counsel, and as a generalized objection to the Recommendation. The Court construes it as such.

### 1.      Motion to Amend Complaint

Plaintiff's letter includes a number of additional allegations against prison officials asserting deliberate indifference to his medical needs. Although a district court has the discretion to grant leave to amend the complaint after the period for amending as a matter of course has expired, *see* Fed. R. Civ. P. 15(b), courts need not grant such leave if an amendment would be futile. *See Wooden v. Armenteros*, 756 F. App'x 951, 952 (11th Cir. 2018) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004)).

As explained in the Recommendation, Plaintiff cannot state any claim for deliberate indifference because a damages remedy for deliberate indifference is not cognizable under *Bivens*. (Doc. 8 at 4–8) (citing *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics ("Bivens")*, 403 U.S. 388 (1971)). Thus, additional allegations of deliberate indifference would be futile. Additionally, the Court does not find that it is appropriate to allow an amendment filed in response to a report and recommendation recommending dismissal of the case, and therefore, does not find that justice requires an amendment. *See* Fed. R. Civ. P. 15(b). Accordingly, Plaintiff's motion to amend is **DENIED**.

### 2.      Motion to Appoint Counsel

Plaintiff's letter also includes a request for the Court to appoint counsel. (Doc. 9 at 1–2). Yet the Court has already denied Plaintiff's previous motions to appoint counsel. (Doc. 6 at 3–4). In so doing, the Court instructed Plaintiff: "Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, <u>on its own motion</u>, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel." (*Id.* at 4). In any event, upon a review of the Record in this case, and after having considered the merits of Plaintiff's claim and the complexity of the issues presented,  the Court again does not find that appointing Plaintiff counsel at this time is appropriate. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Accordingly, Plaintiff's renewed motion to appoint counsel is **DENIED,** without prejudice.

### 2.      Generalized Objection to the Recommendation

Lastly, in reviewing Plaintiff's letter, there is no suggestion that Plaintiff makes any objection to the Recommendation, specific or otherwise. (*See* Doc. 9 at 1–2).  However, to the extent that Plaintiff's letter could be construed as an objection to the Recommendation, that

objection is far too generalized for the Court to consider it a proper objection. *See e.g.*, *Macort*, 208 F. App'x at 783. Accordingly, the objection is **OVERRULED**. The Court thus reviews the Recommendation for clear error or manifest injustice. *See United States v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012).

### B.     The Recommendation

Upon full review and consideration of the Record, the Court finds neither plain error nor manifest injustice in Judge Langstaff's Recommendation.[1] The Order and Recommendation (Doc. 8) is thus **ACCEPTED**, **ADOPTED**, and made the Order of this Court, for reason of the findings made and reasons stated therein. Accordingly, the above-captioned action is **DISMISSED**, with prejudice.

**SO ORDERED**, this 18th day of February 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that the Recommendation improperly considers materials outside of the pleadings in screening Plaintiff's complaint. Specifically, the Recommendation essentially makes a factual finding as to the status of Irwin County Detention Center ("ICDC") as a federal facility when concluding that Plaintiff's claim can sound only under *Bivens*—relying on a recommendation in a different case by Judge Langstaff. (*See e.g.*, Doc. 8 at 4) (citing *Whited v. Gaines*, No. 7:24-cv-11, 2024 WL 3463404, at *2 (M.D. Ga. June 17, 2024), *report and recommendation adopted* 2024 WL 3463404 (M.D. Ga. July 17, 2024)). The Court recently remanded a recommendation based on a similar error in *Floran v. Irwin County Detention Center*, No. 7:24-cv-00077, (M.D. Ga. Feb. 14, 2025), (Doc. 10).

However, the Court finds *Floran* distinguishable where here, it is apparent from Plaintiff's pleadings that he is a federal prisoner at ICDC. (*See e.g.*, Doc. 7 at 3) ("Refused Dental . . . for over 10 months while in severe pain and suffering when my rights are to proper Medical and Dental as a federal inmate."). Thus, although the Recommendation erred in considering *Whited*, that error has no impact on Plaintiff's substantial rights, and was therefore not plain error. *See e.g.*, *Dupree v. Warden*, 715 F.3d 1295, 1301 (11th Cir. 2013) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).